(No. 3666— )

CARL BROWN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

M. J. HANAGAN, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

The claim was filed on November 26, 1941, for benefits under the Workmen's Compensation Act. The complaint alleges that on September 5, 1941, claimant was injured in an accident alleged to have arisen out of and in the course of his employment as a guard at the Southern Illinois Penitentiary.

The complaint further alleges that on September 5, 1941, claimant was attacked by an insane inmate of said institution and in the ensuing scuffle sustained a fracture of the thumb of his right hand and injuries to the right hand.

The complaint further alleges that employees engaged in the same capacity as claimant earn an average yearly salary of $1,560.00. Medical and hospital care have been furnished by the State.

Claimant prays an award for twenty (20) per cent loss of the use of his right hand. No claim is made for temporary total disability.

339

The record in this case consists of the original complaint, amended complaint, report of the Department of Public Safety, report of Dr. A. F. Barnett, the transcript of the evidence, waiver of statement, brief and argument by claimant, and respondent's statement, brief and argument.

As respondent had immediate notice of the accident on the date it occurred and the complaint was filed less than three months after the date of the accident, the jurisdictional requirements of Section 24 of the Workmen's Compensation Act have been complied with and this court has jurisdiction of the matter.

From the evidence, it appears that claimant was injured in the course of and out of his employment, and the only question presented for determination is the extent of the injury and the compensation payable. Claimant received full salary during the period after the injury and makes no claim for temporary total disability.

The evidence shows that claimant's thumb was fractured. X-rays taken by L. H. Dunham, physician at the penitentiary showed a transverse fracture of the proximal end of the proximal phalange of the right thumb. Some displacement of fragments occurred. The fracture was reduced and good alignment obtained. A splint was applied and claimant returned to work. Later x-rays showed good alignment and early callous formation. In the opinion of Dr. A. F. Barnett, claimant suffered a fifteen (15) per cent loss of the use of his right thumb.

Claimant has prayed for an award for twenty (20) per cent loss of the use of his right hand. From the evidence, if any award were to be made in favor of claimant, it would have to be confined to the partial loss of the use of the thumb only. In claimant's testimony he stated that he cannot pull his thumb to the palmar surface of his hand as well as he can his uninjured thumb, and that he had also lost some of his ability to grip objects. On cross examination, claimant stated that he was able to extend both thumbs from the index finger equally, and was able to place the injured thumb at the base of each of the four fingers, but that in making a fist he was not able to clinch the right thumb quite as hard as with the left thumb.

From the evidence, we are of the opinion that claimant suffered a fifteen (15) per cent loss of the use of his right

thumb. Claimant is, therefore, entitled to an award under Section 8 of the Workmen's Compensation Act, Sub-sections (E 1), (L), in the sum of $173.25, all of which has accrued at this time.

An award is therefore entered in favor of claimant, Carl Brown, for the sum of One Hundred Seventy-three and 25/100 Dollars ($173.25).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.